UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON GLASS and<br>JAMES ANTHONY GLASS | CIVIL ACTION |
| VERSUS | NO. 14-480-SDD-RLB |
| MONSANTO COMPANY, SOLUTIA INC.,<br>PHARMACIA CORPORATION, ET AL. | |

## ORDER

This matter is before the court on Defendant CBS Corporation's ("CBS") Motion to Compel (R. Doc. 20) filed on July 16, 2015. CBS seeks an order requiring Plaintiffs to provide complete responses to its Interrogatories and Requests for Production of Documents (R. Doc. 20-2). Any opposition to this motion was required to be filed within 21 days after service of the motion. LR 7(f). Plaintiffs have not filed an opposition as of the date of this Order. The motion is therefore unopposed.

CBS propounded the outstanding discovery requests on May 21, 2015. (R. Doc. 20 at 1). According to an email between counsel, the parties held a Rule 37 conference on June 25, 2015 regarding the discovery requests, and Plaintiffs agreed to provide responses on or before July 7, 2015. (R. Doc. 20-3). CBS represents that Plaintiffs sought additional time to provide responses and, as a courtesy, granted an extension to July 10, 2015. (R. Doc. 20-1 at 2). CBS represents that at the time it filed its motion on July 16, 2015, it had received none of the promised responses. (R. Doc. 20-1 at 2).

Plaintiffs have not opposed this motion or otherwise filed an indication in the record that the responses have been provided.

If a party fails to respond fully to discovery requests made pursuant to Rule 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses pursuant to Rule 37. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "If the motion is granted—or if the disclosure or requested discovery is provided after the motion is filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment, however, if the nondisclosure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

In light of Plaintiffs' failure to respond to CBS's discovery requests, the court will require Plaintiffs to provide complete responses no later than 7 days from the date of this Order. Having provided Plaintiffs an opportunity to be heard through the filing of an opposition, the court concludes that it must award reasonable expenses to CBS for bringing the instant motion, including attorney's fees, because there is no indication in the record that Plaintiffs' non-disclosure was substantially justified or that an award of expenses would be unjust. CBS did not submit anything to support an award of a particular amount of expenses and attorney's fees. A review of the motion and memorandum supports an amount of $250.00.

For the foregoing reasons,

**IT IS ORDERED** that CBS's Motion to Compel is **GRANTED,** and Plaintiffs must provide responses to the outstanding discovery requests no later than **7 days** from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall pay $250.00 to CBS in reasonable expenses incurred in bringing its Motion to Compel. This payment is due within **14 days** of this Order.

Signed in Baton Rouge, Louisiana, on August 17, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**